ROBERT MONRO SANDERSON, LLOYD BOWEN SANDERSON, JR., AND OTTILIE F. SANDERSON, EXECUTORS, ESTATE OF LLOYD B. SANDERSON, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 17653, 24717.   Promulgated June 12, 1929.

*Everett Masten, Esq.,* and *Henry C. Field, Esq.,* for the petitioners. *Eugene Meacham, Esq.,* for the respondent.

OPINION.

TRAMMELL: Since no deficiency for 1919 is before the Board for redetermination, we are without authority to make a determination with respect to the decedent's tax liability for that year. The fact that there has been no adjustment of the 1919 tax liability or that the respondent so far has not allowed the claim for refund for 1919 would not justify us in reducing or modifying a deficiency correctly determined for 1920. We think the contentions of the petitioners with respect to 1920 must be denied. At the hearing counsel for the petitioners conceded that the respondent was correct, but contended otherwise in his brief.

The remaining issue relates to the value of the good will of the partnership of Sanderson & Son on March 1, 1913. Apparently whatever good will the partnership had on that date had been developed by the partnership, as there is nothing in the record to indicate that any part of the good will had been acquired by purchase. The petitioners contend that the good will had a value on March 1, 1913, of more than $125,000, the amount for which it was sold in 1921 and urge that the partnership earnings for prior years and the testimony of witnesses support such contention.

The testimony of the witnesses indicates that the value testified to was a potential value or a value the good will might have at some subsequent time, providing the organization acquiring the good will properly handled and developed the business theretofore carried on, and does not relate to the actual market value at March 1, 1913. The testimony of these witnesses is not supported by facts as to earnings or other matters. There is no evidence as to the value of any tangible assets which might have been used in the production of income. Considering the earnings shown for previous years, the evidence does not disclose whether reasonable salaries for partners or officers were considered or how many partners or officers there were. With respect to the agencies or contracts with shipowners,

the evidence does not disclose the nature or tenure thereof. From the entire record we are unable to determine the value of any good will possessed by the partnership on March 1, 1913.

The determination of the respondent in that respect is therefore approved.

> *Judgment in Docket No. 17653 will be entered under Rule 50. Judgment will be entered for $878.43 in Docket No. 24717.*